James P. Jacobsen
BEARD STACEY TRUEB & JACOBSEN, LLP
821 N Street, Suite 205
Anchorage, AK 99501
(907) 272-7207

Attorney for Plaintiff

RECEIVED
JAN 3 0 2006
CLERK, U.S. DISTRICT COURT
JUNEAU, ALASKA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| ANTHONY IAN BAXTER ) | JURY TRIAL DEMANDED |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 1:06-cv-00004-JWS |
| ALASKA SHIP AND DRY DOCK, INC. ) | Case No.: J06-0004 CV JWS |
| ) | |
| Defendants. ) | COMPLAINT FOR |
| ) | PERSONAL INJURIES |

Plaintiff Anthony Ian Baxter, through counsel Beard Stacey Trueb & Jacobsen, LLP, alleges the following causes of action against the above-captioned defendant:

### INTRODUCTION

1. This is a negligence claim for personal injuries sustained by a seaman while in the course of his employment. This is a case of admiralty and maritime jurisdiction as herein more fully appears. Plaintiff is a merchant seaman. Plaintiff's claims arise pursuant to the general maritime law of negligence. Plaintiff files this claim at law and in admiralty, and herein requests a jury on all of his claims.

2. All events and transactions which give rise to these causes of action transpired

COMPLAINT
PAGE 1

within the State of Alaska and/or its territorial waters.

3. At all times relevant hereto, plaintiff was a merchant seaman in the service of the vessel M/V MATANUSKA. Plaintiff resides in Juneau, Alaska. Plaintiff was treated for his injuries in Juneau, Alaska.

4. At all time relevant hereto, defendant Alaska Ship and Dry Dock, Inc. was an Alaska Corporation, licensed and doing business in the State of Alaska.

5. At all times relevant hereto, defendant Alaska Ship and Dry Dock, Inc. was the employer of certain individuals performing work aboard the M/V MATANUSKA.

## NEGLIGENCE

6. Plaintiff hereby realleges and incorporates paragraphs 1 - 5.

7. On or about October 17, 2005, plaintiff was working aboard the M/V MATANUSKA in the normal course of his employment.

8. On or about October 17, 2005, defendant Alaska Ship and Dry Dock, Inc. and/or its representatives, officers, agents, servants, or employees, were performing work aboard the M/V MATANUSKA.

9. On or about October 17, 2005, while plaintiff was performing his duties aboard the M/V MATANUSKA, plaintiff fell through a hatch on the vessel that was negligently left open by defendant and/or its representatives, officers, agents, servants, or employees. Defendant, and/or its representatives, officers, agents, servants, or employees failed to properly place chains around, and/or failed to warn, and/or otherwise ensure that no one fell through the open hatch.

10. As a direct and proximate result of the negligence of defendant as herein alleged,

COMPLAINT
PAGE 2

plaintiff was caused to suffer serious and life threatening injuries, and plaintiff suffered and may continue to suffer in the future, great amounts of physical pain with resultant physical disability and mental suffering.

11. As a direct and proximate cause of the negligence of the defendant and the resulting injuries plaintiff sustained, plaintiff was prevented from, and may in the future be prevented from, completely pursuing his regular occupation, in addition to the loss of income plaintiff has already suffered because of said injury, plaintiff was prevented from, and may in the future be prevented from, enjoying the pursuits enjoyments and of life, and plaintiff has incurred, and may in the future incur, reasonable and necessary medical expenses. The full extent of plaintiff's permanent disability is presently undetermined. Plaintiff claims all reasonable damages available under the general maritime law of the Unites States of America.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays this Court hear his just cause of action, and that this Court require defendant to answer his just cause of action, and that he be awarded judgment against defendant as follows:

1. That plaintiff be awarded compensatory damages against defendant in a reasonable amount based upon the proof presented at trial.

2. That plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which plaintiff is shown to be entitled.

COMPLAINT
PAGE 3

DATED this 19th day of January, 2006

Beard Stacey Trueb & Jacobsen, LLP

*[signature]*

James P. Jacobsen, ABA# 9511051
Attorney for Plaintiff

Beard Stacey Trueb & Jacobsen, LLP
821 N Street, Suite 205
Anchorage, Alaska 99501
Telephone (907) 272-7207  Fax (907) 274-9115

COMPLAINT
PAGE 4